IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JERRY ROSS SALAZAR,**

        Plaintiff,

v.                                                                                No. CIV-14-0283 LAM

**CAROLYN W. COLVIN, Acting Commissioner**
of the Social Security Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 16)*, filed November 19, 2014 (hereinafter "motion"). On December 29, 2014, Defendant filed a response to the motion [*Doc. 17*], and, on January 30, 2015, Plaintiff filed a reply [*Doc. 18*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 4* and *5*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 10*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I. Procedural History

On December 14, 2010, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB") alleging that he became disabled on August 7, 2008. [*Doc. 10-6* at 11-12]. Plaintiff stated that he became disabled due to: acne vulgaris; low blood pressure; neck, leg and ankle pains; and PTSD. [*Doc. 10-7* at 6]. The application was denied at the initial level on January 21, 2011 (*see Doc. 10-5* at 2-5), and was denied at the reconsideration level on May 4, 2011 (*id.* at 10-12). Pursuant to Plaintiff's request (*id.* at 13-14), Administrative Law Judge Michelle Lindsay (hereinafter "ALJ") conducted a hearing on July 10, 2012. [*Doc. 10-3* at 25-56]. At the hearing, Plaintiff was present, was represented by an attorney, and testified. *Id.* at 27, 28-49. In addition, Vocational Expert (hereinafter "VE"), Leslie White, was present and testified. *Id.* at 27, 49-55.

On October 25, 2012, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled. *Id.* at 12-24]. Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 7), and, on January 23, 2014, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner. On March 25, 2014, Plaintiff filed his complaint in this case. [*Doc. 1*].

## II. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's

decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084  (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on February 27, 1956. [*Doc. 10-6* at 11]. Plaintiff stated that he has held the following jobs: freight supervisor and driver. [*Doc. 10-7* at 7]. Plaintiff stated that he became disabled due to: acne vulgaris; low blood pressure; neck, leg and ankle pains; and PTSD. *Id.* at 6. Plaintiff's medical records include: two Case Analyses, one by Allen Gelinas, M.D., dated January 6, 2011 (*Doc. 10-9* at 14), and one by Lawrence Kuo, M.D., dated April 27, 2011 (*Doc. 10-10* at 2); and two Psychiatric Review Techniques, one by Elizabeth Chiang, dated January 20, 2011 (*Doc. 10-9* at 44-57), and one by Scott R. Walker, M.D., dated May 3, 2011 (*Doc. 10-10* at 3-16). Where relevant, Plaintiff's medical records are discussed in more detail below.

4

At step one of the five-step evaluation process, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from Plaintiff's alleged disability onset date of August 7, 2008 through his date last insured of December 31, 2010. [*Doc. 10-3* at 14]. At step two, the ALJ found that Plaintiff has the following severe impairments: acne vulgaris, degenerative disc disease of the cervical spine, and depression. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). *Id.* at 15.

Before step four, the ALJ determined that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that Plaintiff: "is additionally limited in that the is able to maintain attention and concentration to perform detailed but not complex work for two hours at a time without requiring task redirection," and Plaintiff "may have only occasional contact with the general public." *Id.* at 16. In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." *Id.* at 18-19. The ALJ found that Plaintiff was not a credible witness, and the ALJ gave great weight to Plaintiff's VA records. *Id.* at 19. At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a dump-truck driver and semi-truck driver. *Id.* at 20.[1] The ALJ stated that she asked the VE "whether a hypothetical individual with [Plaintiff's] age, education, work experience, and [RFC] would be able to perform any of [Plaintiff's] past relevant work," and the VE testified that such an individual would be able to

---

[1] The Court notes that, at the hearing, Plaintiff testified that he drove a semi-truck and a dump-truck. *See* [*Doc. 10-3* at 33 and 50].

perform either of Plaintiffs past relevant driver work.  *Id.*  The ALJ stated that, in comparing Plaintiff's RFC with the physical and mental demands of his past relevant work as a dump-truck driver and semi-truck driver, the ALJ found that Plaintiff is able to perform his past relevant work as it is actually and generally performed.   The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles."  *Id.*  The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act.  *Id.*

## V.   Analysis

In his motion to reverse or remand, Plaintiff contends that the ALJ erred in her step-four finding that Plaintiff is capable of returning to his past relevant work because the ALJ failed to apply the legal framework required under Soc. Sec. Rep. 82-62 and the Tenth Circuit's decision in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).  [*Doc. 16* at 9].   Plaintiff contends that the ALJ erred by failing to develop the record with factual information concerning the demands of Plaintiff's past work and whether Plaintiff can meet those demands.  *Id.*   Plaintiff also contends that the ALJ failed to engage in any discussion of the evidence in concluding that Plaintiff can return to work as a truck driver and, instead, made a conclusory statement regarding his ability to perform his past relevant work.  *Id.* at 11.  Plaintiff states that the ALJ included in her RFC assessment a limitation that Plaintiff can perform detailed, but not complex, work for two hours at a time, and yet there is no evidence in the record indicating that Plaintiff's duties as a truck driver were performed in two-hour increments, and the general requirement for a truck driver is that they can be required to drive up to eight hours before they are required to take a 30-minute break.  *Id.* at 12.

In response, Defendant contends that the ALJ's step-four analysis was adequate as to finding that Plaintiff can still perform his past relevant work. [*Doc. 17* at 8-11]. Defendant contends that the ALJ adequately articulated findings that specified the demands of Plaintiff's past relevant work and properly relied on the VE's testimony. *Id.* at 9-10. Defendant further contends that Plaintiff inaccurately recites the ALJ's RFC assessment because the ALJ did not find that Plaintiff needed a break after two hours of work, but found that Plaintiff would require redirection of tasks after two hours. *Id.* at 10. Regardless, Defendant contends that the ALJ did not err in relying on the VE's testimony that confirmed that Plaintiff's past relevant work could be performed by someone with Plaintiff's vocational factors and RFC, including the limitation to maintaining concentration and persistence for two hours at a time without requiring task redirection. *Id.* at 11.

In reply, Plaintiff contends that the ALJ failed to obtain the necessary factual information about the demands of Plaintiff's past relevant work as a truck driver, and that the ALJ's RFC determination may preclude the performance of the job of truck driver. [*Doc. 18* at 2-3]. Plaintiff contends that, because Plaintiff does not have the ability to sustain focused attention sufficiently long to permit the timely completion of the task of truck driving, the ALJ's finding that Plaintiff can return to his past work is in error. *Id.* at 4.

At step four, the ALJ is required to make findings of fact regarding three phases: (i) the individual's physical and mental RFC; (ii) the physical and mental demands of the individual's past relevant work, and (iii) the ability of the individual to return to past work in light of the individual's RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996), and Soc. Sec. Rep. 82-62, 1982 WL 31386, at *4. These findings must be specific and must be made on the record at each phase of the step four analysis. *Winfrey*, 92 F.3d at 1025.

7

Here, the ALJ noted the VE's testimony that Plaintiff could perform his past relevant work as a driver, and stated: "In comparing the claimant's residual functional capacity with the physical and mental demands of his past relevant work as a dump-truck driver and semi-truck driver, I find that the claimant is able to perform it as actually and generally performed." [*Doc. 10-3* at 20]. The ALJ failed to make any specific findings regarding the physical and mental demands of Plaintiff's jobs as a dump-truck and semi-truck driver. Without such findings, the ALJ was unable to make the necessary findings at phase three about Plaintiff's ability to meet the demands of his past relevant work in light of his RFC. *See Winfrey*, 92 F.3d at 1024-25 ("Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of his past relevant work despite his mental impairments."); and *Sandusky v. Barnhart*, No. 06-1074-WEB, 2007 WL 496617 at *5 (D. Kan. Jan. 10, 2007) (unpublished) ("When the ALJ essentially skips the second phase of the step four analysis by not making any findings regarding the physical and mental demands of claimant's past work, either as performed or as it is generally performed in the national economy, then the case shall be remanded in order for the ALJ to make the specific factual findings regarding the demands of claimant's past relevant work.") (citation omitted). Since the ALJ failed to make the required findings regarding the physical and mental demands of Plaintiff's past work as a dump-truck driver and semi-truck driver and Plaintiff's ability to return to these jobs in light of his RFC, the case must be remanded. Upon remand, the ALJ must make the appropriate findings regarding that work as set forth in *Winfrey* and Soc. Sec. Rep. 82-62.

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Plaintiff's past relevant work at step four, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 16)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**