IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JERRY ROSS SALAZAR,**

        **Plaintiff,**

**v.**                                               **No. CIV-14-0283 LAM**

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

        **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 22)*, filed September 10, 2015. The Commissioner filed a response in opposition to the motion on September 24, 2015 [*Doc. 23*], and Plaintiff filed a reply on September 29, 2015 [*Doc. 24*]. In his motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$5,191.80** and costs in the amount of **$400.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 22* at 1]. The Commissioner opposes Plaintiff's request for attorney fees because she asserts that her position in this case was substantially justified. [*Doc. 23*].[1] Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no

---

[1] The Commissioner does not oppose Plaintiff's request for an award of costs in the amount of $400.00. *See* [*Doc. 23* at 5].

special circumstances that would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The Commissioner bears the burden of showing that her position was substantially justified.  *See Hackett*, 475 F.3d at 1172.  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct," that is, "if it has a reasonable basis in law or fact."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).  However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."  *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 20*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for further proceedings consistent with the Memorandum Opinion and Order.  The Court found that the ALJ erred by failing to make the required findings regarding the physical and mental demands of Plaintiff's past work as a dump-truck driver and semi-truck driver and Plaintiff's ability to return to these jobs in light of his residual functional capacity ("RFC").  *Id.* at 8.  The Commissioner contends that her position in this case was substantially justified because the ALJ's findings in this case were adequate in light of the Tenth Circuit's holding in *Best-Willie v. Colvin*, No 12-4069, 514 Fed. Appx. 728, 2013 WL 1208452 (10th Cir. March 26, 2013) (unpublished).  [*Doc. 23* at 2-5].  The Commissioner contends that the ALJ did

not err because the ALJ approvingly quoted the Vocational Expert's ("VE") description of Plaintiff's past relevant work, including the job numbers and Specific Vocational Preparation ("SVP") levels from the Dictionary of Occupational Titles.  *Id.* at 3.

The Court finds that the Commissioner's contention is unpersuasive.  While the Tenth Circuit in *Best-Willie* found that the ALJ did not err by relying on the VE's testimony regarding the claimant's past relevant work (*see* 514 Fed. Appx. at 738-39), here, the VE's testimony that the ALJ relied on included no findings regarding the mental demands of Plaintiff's past relevant work (*see Doc. 10-3* at 20).  As the Court explained in the Memorandum Opinion and Order, the ALJ's reliance on the VE's testimony was insufficient to fulfill the ALJ's requirement to make specific findings regarding the physical *and mental* demands of Plaintiff's past relevant work.  *See* [*Doc. 20* at 8]; *see also Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) (finding that the ALJ's reliance on the VE's testimony for the ALJ's step four findings was insufficient because the VE did not testify about the mental demands of the claimant's past relevant work).  This is especially important given the ALJ's finding that Plaintiff's depression was a severe impairment. *See* [*Doc. 10-3* at 14]; *see also Frantz*, 509 F.3d at 1304 ("Here, even though the ALJ found Ms. Frantz's bipolar disorder to be a severe impairment, he did not develop any evidence regarding the mental demands of Ms. Frantz's past relevant work.").  Therefore, the Court finds that the Commissioner's position was not substantially justified and will grant Plaintiff's motion for EAJA fees.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 22)* is **GRANTED**, and that Plaintiff is authorized to receive **$5,191.80** in attorney fees and **$400.00** in costs for payment to his attorney for services before this Court, as permitted by

the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

*(signature)*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**