IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY ROSS SALAZAR,

       Plaintiff,

vs.                                                                  1:14-CV-283-LAM

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,[1]

       Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Motion for an award of $19,442.25 in attorney fees under 42 U.S.C. § 406(b)(1). [Doc. No. 27]. Defendant declined to take a position with regard to the reasonableness of the requested award. [Doc. No. 29]. Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and should be granted.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits. This Court reversed the decision of the Commissioner and remanded for a new hearing and awarded EAJA fees in the amount of $5,191.80 and costs in the amount of $400.00. *See* Doc. Nos. 20 and 26. Following this Court's remand, the Social Security Administration found Plaintiff to be disabled and awarded $101,770.00 in past due benefits. The Administration should have withheld twenty-five percent of those benefits, $25,442.50, in the event that Plaintiff's counsel were to bring a claim for attorney fees pursuant to the retainer agreement but, in error, only withheld $6,000. [Doc. No.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

27-1, p. 18]. The $6,000 was paid to Michael Armstrong on January 26, 2017, and the remaining $19, 442.25 was released to Plaintiff in error. [*Id.*]. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in an amount equaling twenty-five percent of Plaintiff's past due benefits less the $6,000 he already received.[2]

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. The court may award fees under § 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id*. at 807 n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request

---

[2] Plaintiff's attorney, Michael Armstrong, briefly notes that $25,442.50 minus $6,000 equals $19, 442.50, rather than $19,442.25. [Doc. No. 27, p. 2, n. 1]. However, as Mr. Armstrong does not belabor the twenty-five cent discrepancy, the Court will consider the Administration's calculation of $19,442.25 to be the correct balance.

include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation by Michael D. Armstrong of Plaintiff was more than adequate, and he obtained a fully favorable decision. Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fee is equal to the remainder of the 25% permitted by the retainer agreement and proportionate given the amount of time (27.42 hours) spent on the case. The requested attorney fees would therefore be in line with other fee awards authorized in this District under 406(b). *See e.g., Marquez v. Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000 for 38.26 hours or $444.23 per hour). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **granted.** The Court hereby authorizes $19,442.25 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration.

Plaintiff's counsel will then reimburse Plaintiff the EAJA award of $5,191.80.

_____
UNITED STATES MAGISTRATE JUDGE